# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JOSHUA METHENA., | Case No. 1:21-cv-326 |
| Plaintiff, | Judge J. Philip Calabrese |
| v. | |
| STATE OF OHIO, | |
| Defendant. | |

## OPINION AND ORDER

*Pro se* Plaintiff Joshua Methena filed this action against the State of Ohio. His Complaint contains no facts, no legal claims and no request for relief. He subsequently filed a document which the Court liberally construes as a Motion supplementing his Complaint and seeking various forms of relief. (ECF No. 3). In the Motion he claims his attorney provided ineffective assistance at his trial and alleges trial irregularities led to his conviction. He also claims prison officials are engaging in electric shock of prisoners through the cell ceilings and floors to the metal bunk bed frames. He requests expert assistance, communication, J-Pay, and a subpoena. For the reasons more fully explained below, the Court dismisses this action pursuant to 28 U.S.C. § 1915(e).

## STATEMENT OF FACTS

Plaintiff first objects to his state criminal trial. He alleges that his attorney provided ineffective assistance of counsel. He states his attorney waived his right to a

speedy trial without consulting him and tried to coerce him into taking a plea deal without showing him the evidence the state had against him. He indicates he later learned there was no evidence. He contends the person who testified at trial as the alleged victim of the crime was not the person she claimed to be. He states he was not allowed to look at her during the trial. He indicates that his first trial ended with a mistrial. He contends the State retried him and he was convicted at this trial.

Plaintiff alleges that prison officials at the Mansfield Correctional Institution shock him with electrical current. He contends this was not done with a battery or a device but instead with a cord cut from a fan that is plugged into an outlet and then applied to the bars on the window. He claims the current somehow is carried above and below him to the metal bed frame which then conducts the electrical charge to him.

Plaintiff states he filed a previous action in 2019 against the mental health department at the North Central Correctional Complex, alleging they diagnosed him with schizophrenia without proper testing and allowed inmates to give him electric shocks through the metal frame of his bed. *See Methena v. North Central Correctional Complex*, No. 3:19-cv-00679 (N.D. Ohio Oct. 31, 2019)(Zouhary, J.) That action was dismissed pursuant to 28 U.S.C. § 1915(e).

## STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.

*Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## ANALYSIS

As an initial matter, the State of Ohio is the only Defendant named in the Complaint and the Supplement. The Eleventh Amendment is an absolute bar to the imposition of liability upon States and State agencies. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005). A State therefore may not be sued in federal court unless it has consented to such a suit or its immunity under the

Eleventh Amendment has been properly abrogated by Congress. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44 (1996). Plaintiff has not alleged a cause of action against this Defendant for which Eleventh Amendment immunity has been waived.

Furthermore, Plaintiff cannot challenge his conviction in what at best appears to be a civil rights action. To challenge a conviction or sentence, his sole remedy is habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Even if Plaintiff could get beyond Eleventh Amendment immunity with respect to his allegations against Mansfield Correctional Institution personnel, he has not identified a viable legal claim against the State of Ohio. All of the allegations in his Complaint and Supplement describe wrongdoing by prison officials at the Mansfield Correctional Institution. He does not allege facts suggesting they acted pursuant to a policy or custom of the State of Ohio. It is well established that civil rights claims cannot based upon a theory of *respondeat superior* alone. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

Finally, although the Court generally must construe the pleading in the light most favorable to the Plaintiff, the Court has discretion to refuse to accept without question the truth of Plaintiff's allegations when they are "clearly baseless," a term encompassing claims that may be fairly described as fanciful, fantastic, delusional, wholly incredible, or irrational. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). The case at bar undoubtedly presents just such a Complaint. His pleadings do not contain a decipherable legal claim or a coherent request for relief. Moreover, his factual allegations are at times wholly incredible and irrational. Plaintiff's Complaint and

Supplement lack an arguable basis in fact and fail to state a claim upon which relief may be granted.

## CONCLUSION

For all the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**SO ORDERED.**

**Dated:** 6/10/2021

J. Philip Calabrese
United States District Judge
Northern District of Ohio